UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 11** |
| **STANLEY E. BUDRYK** | ) |
| | ) **Case No. 09-11181-FJB** |
| **Debtor** | ) |

**APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION TO
RETAIN HANIFY & KING, PROFESSIONAL CORPORATION AS COUNSEL**

Pursuant to Section 327(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014 and MLBR 2014-1, Stanley E. Budryk, the debtor and debtor-in-possession in the above-reference proceeding (the "Debtor"), respectfully requests that this Court enter an order authorizing the retention of the law firm of Hanify and King, Professional Corporation ("H&K") as counsel to the Debtor. In further support of this Application, the Debtor submits as follows:

### BACKGROUND

1. On February 17, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts.

2. The Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor owns and operates multiple residential rental properties (collectively the "Properties") in Framingham, Massachusetts.

4. One of the Debtor's mortgagees commenced foreclosure proceedings against certain of the Debtor's Properties and scheduled a foreclosure sale for February 17, 2009. The Debtor was forced to file bankruptcy to preserve the value of his real property.

5. As is necessary, the Debtor intends to liquidate certain of his real property holdings to reorganize and pay his creditors.

### RELIEF REQUESTED

6. Subject to this Court's approval, the Debtor has retained H&K to represent him in this bankruptcy proceeding. The Debtor submits that H&K has the necessary experience in chapter 11 bankruptcy proceedings and is qualified to represent him in this case.

7. The Debtor proposes to retain H&K to render various legal services, including, without limitation, the following:

(a) Advise the Debtor with respect to his rights, powers and duties as debtor-in-possession in the continued operation of his business and management of his assets;

(b) Advise the Debtor with respect to any plan of reorganization and any other matters relevant to the formulation and negotiation of a plan or plans of reorganization in the case;

(c) Represent the Debtor at all hearings and matters pertaining to his affairs as debtor and debtor-in-possession;

(d) Prepare, on the Debtor's behalf, all necessary and appropriate applications, motions, answers, orders, reports, and other pleadings and other documents, and review all financial and other reports filed in this chapter 11 case;

(e) Advise the Debtor with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders and related transactions,

(f) Review and analyze the nature and validity of any liens asserted against the Debtor's property and advise the Debtor concerning the enforceability of such liens;

2

(g) Advise the Debtor regarding his ability to initiate actions to collect and recover property for the benefit of his estate;

(h) Advise and assist the Debtor in connection with any potential property dispositions;

(i) Advise the Debtor concerning executory contract and unexpired lease assumptions, lease assignments, rejections, restructurings and recharacterization of contracts and leases;

(j) Review and analyze various claims of the Debtor's creditors and the treatment of such claims and the preparation, filing or prosecution of any objections to claims;

(k) Commence and conduct any and all litigation necessary or appropriate to assert rights held by the Debtor, protect assets of the Debtor's Chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization other than with respect to matters to which the Debtor retains special counsel; and

(l) Perform all other legal services and provide all other necessary legal advice to the Debtor as debtor-in-possession which may be necessary in the Debtor's bankruptcy proceeding.

8. H&K has the requisite experience and bankruptcy expertise to provide the services required by the Debtor.

9. H&K will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, H&K adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, H&K will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

10. Prior to the Petition Date, the Debtor provided H&K with a security retainer of $10,936.00 (the "Retainer") for services rendered or to be rendered in connection with its post-petition advice. Subject to the Court's approval of H&K as counsel for the Debtor, the Retainer will be held by H&K in its Client Funds Account as security during this case. The Retainer is

not intended to be applied until all alternative sources of payment have been exhausted. Due to the retainer, H&K has no pre-petition claim against the Debtor's estate.

11. All compensation and expense reimbursement shall remain subject to allowance by this Court upon appropriate application pursuant to Section 330 and 331 of the Bankruptcy Code and any other compensation procedures established by this Court.

12. Pursuant to MLBR 2014-1(d), the Debtor requests that his retention of H&K be effective as of the Petition Date.

### DISINTERESTEDNESS

13. H&K has filed the affidavit of Harold B. Murphy in connection with this application, including a statement pursuant to Section 329(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2014 and 2016, and MLBR 2014-1 (the "Affidavit").

14. As set forth in greater detail in the attached Affidavit, H&K's involvement with the Debtor, creditors or other interested parties to the Debtor includes the disclosure that Kathleen Cruickshank, an associate at H&K, was formerly employed by the Office of the United States Trustee.

15. To the best of the Debtor's knowledge, H&K has not represented, nor does it now represent, any interest adverse to the Debtor with respect to the matters on which H&K is to be employed. H&K and its principals and employees are otherwise disinterested persons with respect to the Debtor, as that term is defined in the Bankruptcy Code.

16. H&K will further amend or supplement the Affidavit to any extent necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

    i. Authorizing the Debtor to retain Hanify & King, Professional Corporation, as his legal counsel, as of the Petition Date, to render legal services as

described above, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court; and

ii. Providing such other and further relief as may be just.

STANLEY E. BUDRYK,

_____
Stanley E. Budryk

/DATED: March 2, 2009

522415\1