# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**STANLEY BUDRYK,**<br><br>              **Debtor** | **Chapter 11**<br>**Case No. 09-11181-FJB** |

## MEMORANDUM OF DECISION AND ORDER ON
## MOTION OF HINGHAM INSTITUTION FOR SAVINGS
## FOR RELIEF FROM STAY

On February 17, 2009, Stanley E. Budryk, individually and as trustee and beneficiary of New England Trust and Arlington Realty Trust (collectively, the "Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code, commencing the present case. The Debtor owns and manages four apartment buildings in Framingham, Massachusetts, including a four-unit apartment building at 37 Stearns Street (the "Property"). On March 9, 2009, Hingham Institution for Savings ("Hingham" or the "Bank") filed a motion under 11 U.S.C. § 362(d)(1) and (2) for relief from the automatic stay to exercise its rights as to the Property. For reasons set forth below, the Court will deny relief from the stay.

Hingham filed the present motion for relief from the stay (the "Motion") approximately three weeks into this Chapter 11 case. In conjunction with the hearing on the Debtor's motion for use of cash collateral, the Court held a preliminary hearing on the Motion on March 22, 2009. The Court then scheduled a final, evidentiary hearing on the Motion for Relief, which was held on April 28, 2009.

Hingham makes essentially two arguments in support of its motion for relief. First, under subsection (d)(2), the Bank argues that the Debtor lacks equity in the Property and that the Property is not necessary for a reorganization. Second, under subsection (d)(1), the Bank argues that there is "cause" for relief from the stay because the Debtor has failed to maintain and repair the Property, thereby impairing the value of the Bank's collateral and leaving the

Bank's interest in the Property inadequately protected.

### Relief Under Section 362(d)(2)

A secured creditor is entitled to relief from the automatic stay under § 362(d)(2) upon a showing that the debtor lacks equity in the property *and* that the property is not necessary for an effective reorganization that is in prospect. 11 U.S.C. § 362(d)(2). The Court finds in favor of the Debtor on both requirements.

The Bank bears the burden of establishing its position that the Debtor lacks equity in the Property. To establish the value of the Property, the Bank offered an affidavit and appraisal report of Stephen G. DeCastro, a certified general real estate appraiser. Mr. DeCastro was not present at the evidentiary hearing to testify or to be cross-examined as to the testimony in his affidavit and appraisal, so the Bank offered to introduce his affidavit and report under Fed. R. Civ. P. 43(c). The Debtor objected to the introduction of the affidavit and report on the basis that it could not cross-examine the expert appraiser.

Federal Rule of Bankruptcy Procedure 9017 makes Fed. R. Civ. P. 43, together with the Federal Rules of Evidence and other rules relating to the taking of evidence, applicable to proceedings in cases under title 11. "Federal Rule of Civil Procedure 43 requires, with limited exceptions, that in all trials the testimony of witnesses be taken orally in open court. Such a requirement provides the obvious advantage of permitting the judge . . . to observe the appearance and demeanor of witnesses so as more readily to determine the truth or weight to be given to the testimony." 10 COLLIER ON BANKRUPTCY,¶ 9017.02[1] (Alan Resnick & Henry Sommer, eds., 15th ed. 2008). Under Rule 43(c), which addresses motions, "the court *may* hear the matter on affidavits."[1] FED. R. CIV. P. 43(c). Because the affiant appraiser was

---

[1] "Under Federal Rule of Civil Procedure 43(e) [now 43(c)], made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9017, when a motion is based on facts that do not appear in the record, bankruptcy courts have the discretion either to conduct evidentiary hearings with live witnesses or to consider the motions on affidavits, depositions,

unavailable for cross-examination on this critical and disputed issue, the Court declined to admit the Bank's evidence of value in the form of an affidavit. The Court had scheduled the hearing as an evidentiary hearing. Moreover, the Bank's sole burden on the subsection (d)(2) portion of its motion for relief was to establish the Debtor's lack of equity in the Property. It would work an injustice against the Debtor to permit the Bank to satisfy this burden through the affidavit of an appraiser not available for cross-examination. Consequently, the Court sustained the Debtor's objection to Hingham's offer of the affidavit and appraisal report. The Bank introduced no other evidence of value.

For its part, the Debtor offered the testimony of Ronald Hanverger, an expert appraiser. Mr. Hanverger testified that he undertook an appraisal of the Property as of March 16, 2009. At that time he determined the value of the Property to be $225,000. He also testified that he further inspected the Property on April 27 and 28, 2009, at which time he noted that there had been significant construction activity at the Property since his initial appraisal, resulting in improvements including new vinyl siding, new paint, new windows, and a variety of other internal improvements. Based on these observations Mr. Hanverger testified that in his opinion the Property had a "potential" value of between $325,000 and $350,000.

Both parties introduced evidence of the amount of debt on the Property. The parties agreed that the Property is encumbered by the Bank's first mortgage on the Property, securing a debt in the amount of at least $200,304.25, including principal and interest. The amount may have been higher at the time of the hearing, but no precise amount was established; for

---

and other documentary evidence." *Cochener et al. v. Sommers* (*In re Cochener*), 2005 U.S. Dist. LEXIS 45464, at *25-26 (S.D. Tex. 2005). "Civil Rule 43(e) is merely permissive, not mandatory, and is subject to the trial court's wide discretion. The trial court's determination whether to hear any particular matter on oral testimony, deposition, or affidavit is a matter of discretion." *Svob v. Byran* (*In re Byran*), 261 B.R. 240, 247 (B.A.P. 9th Cir. 2001). (In 2007, the language of Rule 43 was amended as part of the general restyling of the Civil Rules that went into effect December1, 2007. It was through these changes that subsection (e) of Fed. R. Civ. P. 43(e) became subsection (c). The changes were merely stylistic, not substantive; therefore, the case law discussing former Rule 43(e) is applicable in discussions regarding present Rule 43(c).)

3

purposes of this motion, the Court adopts the figure of $200,304.25. In addition, the Property was encumbered by municipal tax and water and sewer liens totaling $7,400. Therefore, the Debtor conceded that encumbrances totaled at least $207,704.25.

The Bank contends, and the Debtor disputes, that the Property is further encumbered by a mortgage in the amount of $100,000 running in favor of two former attorneys of the Debtor, securing a debt to them for fees they earned on his behalf in a previous bankruptcy case under Chapter 11. The mortgage is in the face amount of $100,000, but the Debtor testified that he had never received a bill from these second mortgagees and was uncertain as to the amount due, if any, to them. The second mortgagees did not testify at the hearing. The mortgage itself specifies that it secures fees "allowed" in the earlier Chapter 11 case. The docket of the earlier case indicates that the attorneys in question never filed a fee application in the case and consequently that no fee application was ever allowed in their favor. The case remains open but has long been dormant. There was no additional evidence of the amount due on the obligations secured by the second mortgage. I consequently conclude that the Bank has failed to establish that encumbrances against the Property exceed the agreed sum of $207,704.25.

Based on the foregoing, the Court concludes that the Bank has not carried its burden of demonstrating that the Debtor lacks equity in the Property. The amount of equity is perhaps quite small, but the on-going construction activities at the site appear to be adding to the value of the Property. This alone is enough to deny the Bank's motion under section 362(d)(2).

With respect the necessity of the property to a reorganization that is in prospect, the Debtor also testified that his plan is to continue construction and rehabilitation of the Property, to rent the four units in the building—he already had tentative agreements with two prospective tenants—and then to sell the Property and use the proceeds to fund a plan of reorganization. While this is hardly a full articulation of a plan, it is enough, in conjunction with the evidence of the Debtor's efforts on the property, for the Court at this early stage of the case to find that the property is necessary to a plan in prospect.

**Relief Under Section 362(d)(1)**

Hingham also seeks relief from the stay under § 362(d)(1). The Bank argues that there is "cause" for such relief because the Debtor has failed to maintain the Property since the filing on February 17, 2009. The Bank argues that, based on the "totality of the circumstances," there is cause for granting relief. In its motion papers the Bank argues that "cause" exists because the Property is "precipitously declining in value."

In support of this position the Bank offered the testimony of a Bank vice president, Shawn Sullivan. Mr. Sullivan testified that he visited the Property in 2005 when the loan closed, again on February 2, 2009 and March 18, 2009, and most recently in April 2009, just before the hearing. He testified that in February and March, 2009, the Property appeared to be uninhabited. He remarked that in February the Property had received some partial work and repair since his 2005 visit, such as exterior painting, but that the work appeared to have stopped after the 2005 closing. According to Mr. Sullivan, in early February there were broken and missing windows, rotting wood trim and soffits, roof sagging, and missing shingles. He also testified that the interior space was in need of repair, with evidence of water damage. Kitchen renovations and new appliances were also needed. Mr. Sullivan also testified that the Debtor has not made a payment to the Bank since September 2008.

The Debtor testified that he is a landlord and a licensed construction supervisor. He had several problem tenants in the Property who failed to pay rent and damaged the Property. After they left or were evicted, he began rehabilitating the Property. Since the filing date, he has spent $9,000 on this work, and he expects to spend an additional $5,000 in the next few weeks. He has replaced or repaired the windows, painted the exterior, performed roof work, and made interior repairs on the kitchens and other rooms as needed. He also stated that he expected to have the Property fully rented soon and had real estate brokers seeking tenants.

Most important for purposes of § 362(d)(1), the Bank conceded at the hearing that it had no evidence that the Property had deteriorated in value since the Chapter 11 petition was filed.

5

Based on the foregoing, I conclude that relief from the stay is not warranted at this time under subsection (d)(1) or (d)(2). The Court is aware, however, that this is not the only pending bankruptcy proceeding involving the Debtor and/or his affiliates. Moreover, it is clear that the Debtor began renovating the Property only in response to the Bank's threat of foreclosure. For these reasons, the Court will enter certain orders to ensure that this case moves toward confirmation in the reasonably near future.

## **ORDER**

For the reasons set forth above, the Court hereby ORDERS as follows:

1. The Motion of Hingham Institution for Savings for relief from the automatic stay is hereby denied without prejudice to renewal on or after August 14, 2009.

2. The Debtor shall file its plan of reorganization and disclosure statement on or before July 31, 2009.

Date: May 18, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge